YUDASHKIN v HOLDEN

Docket No. 220510. Submitted April 11, 2001, at Lansing. Decided September 28, 2001, at 9:00 A.M.

Robert Yudashkin brought an action in the Washtenaw Circuit Court against David J. Linzmeyer, Craig Holden, and Master Home Inspector, Inc. (MHI), alleging breach of contract and violation of the Michigan Consumer Protection Act (CPA), MCL 445.901 *et seq.*, by Holden and MHI (hereafter the defendants) with respect to a home purchased by the plaintiff from Linzmeyer after an inspection by the defendants failed to uncover a defect in the basement walls. The defendants moved for summary disposition, arguing that the circuit court lacked subject-matter jurisdiction because the $200 liquidated damages provision in the inspection contract between the defendants and the plaintiff made the plaintiff's action subject to the district court's jurisdiction and because the plaintiff failed to state a claim under the CPA. The circuit court, Timothy P. Connors, J., granted the defendants' motion on both grounds asserted, but allowed the plaintiff to file an amended complaint that alleged with specificity that the defendants' representations constituted common-law fraud and unfair trade practices of misrepresentation or fraud in violation of the CPA. The defendants moved for summary disposition, arguing alternatively that the plaintiff's claims were barred by the one-year period of limitation set forth in the inspection contract or that the plaintiff failed to state a claim of common-law fraud. The circuit court denied the defendants' motion, ruling that under MCR 2.118(D) the amended complaint related back to the date of the original complaint and therefore was timely and that the plaintiff sufficiently pleaded misrepresentation so as to state a claim of common-law fraud. The defendants moved for reconsideration, arguing that the amended complaint was not timely because the relation-back doctrine stated in MCR 2.118(D) does not extend to the addition of new parties and they were new parties because they had already been dismissed from the action at the time the amended complaint was filed. The circuit court denied the motion for reconsideration. The defendants appealed by leave granted. The Court of Appeals, in an unpublished order entered on September 28, 1999 (Docket No. 220510), reversed the circuit court's decision to deny the defendants' motion and remanded the

case to the circuit court with directions to grant the defendants' motion, agreeing with the argument made by the defendants in their motion for reconsideration by the circuit court. The plaintiff sought leave to appeal to the Supreme Court, which, in lieu of granting leave, vacated the order of the Court of Appeals and remanded the case to the Court of Appeals for plenary consideration. The Supreme Court directed the Court of Appeals to consider the effect of MCR 2.604(A) and 2.116(I)(5) on the defendants' argument that the plaintiff's amended complaint does not relate back to the date of the original complaint under MCR 2.118(D).

The Court of Appeals *held*:

The amended complaint relates back to the date of the original complaint under MCR 2.118(D) and is as timely as the original complaint was under the period of limitation provided in the contract.

1. The defendants correctly argue that the relation-back doctrine of MCR 2.118(D) does not extend to the addition of new parties. The defendants, however, are incorrect in arguing that they are new parties because they had already been dismissed from the action when the amended complaint was filed. MCR 2.604(A) provides that an order or other form of decision adjudicating fewer than all claims, or the rights and liabilities of fewer than all the parties, does not terminate the action with regard to any of the claims or parties, and the order is subject to revision before entry of final judgment adjudicating all the claims and the rights and liabilities of all the parties. Under the plain language of MCR 2.604(A), the circuit court's grant of summary disposition for the defendants was not a final judgment and did not terminate the action with respect to the defendants because the action also involved claims against the seller of the home.

2. Under MCR 2.116(I)(5), if a trial court grants summary disposition pursuant to MCR 2.116(C)(8), (9), or (10), the court must give the parties an opportunity to amend their pleadings pursuant to MCR 2.118, unless the amendment would be futile. An amendment is futile if it merely restates the allegations already made or adds allegations that still fail to state a claim. In this case, the plaintiff's amendment is not futile. The amendment alleged a new theory of common-law fraud and the circuit court determined that the amended complaint sufficiently stated a claim of fraud.

3. The amended complaint was filed within the deadline set by the circuit court's scheduling order and therefore was timely filed.

Affirmed.

PLEADING — MULTIPLE CLAIMS AND DEFENDANTS — AMENDED COMPLAINTS AGAINST DEFENDANTS PREVIOUSLY GRANTED SUMMARY DISPOSITION — RELATION BACK.

A plaintiff in an action where the original claims against some, but not all, of several defendants were summarily dismissed pursuant to MCR 2.116(C)(8), (9), or (10), may file an amended complaint against those defendants who were granted summary disposition and the amended complaint will relate back to the date of the original complaint if the claims asserted in the amended complaint arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original complaint and if amendment is not futile; amendment is futile if the amended complaint merely restates the allegations already made or adds allegations that still fail to state a claim (MCR 2.116[I][5], 2.118[D], 2.604[A]).

*Osetek & Associates, P.C.* (by *Peter J. Osetek* and *Jean M. Rosella*), for Robert Yudashkin.

*Vercruysse Metz & Murray, P.C.* (by *James E. Roach*), for Craig Holden and Master Home Inspector, Inc.

Before: CAVANAGH, P.J., and MARKEY and COLLINS, JJ.

MARKEY, J. Defendants Craig Holden and Master Home Inspector, Inc. (MHI), appeal by leave granted the trial court's orders denying their motions for summary disposition and for reconsideration, which primarily asserted that an amended complaint filed against them was untimely. We affirm.

### I. FACTS AND PROCEDURAL HISTORY

Defendant MHI is a Michigan corporation in the business of conducting residential home inspections. Defendant Holden is both the president of MHI and an MHI home inspector. On February 5, 1997, Holden inspected a house for plaintiff Robert Yudashkin. This lawsuit arises from plaintiff's claim that MHI failed to discover a defect in the basement walls of the house

plaintiff subsequently purchased from defendant David Linzmeyer.[1] Specifically, plaintiff's complaint filed on February 5, 1998, alleged that defendants had breached their contract with plaintiff and violated the Michigan Consumer Protection Act (CPA), MCL 445.901 *et seq.*

In a subsequent motion for summary disposition, defendants argued that the trial court lacked subject-matter jurisdiction because the amount in controversy was limited to $200 by the liquidated damages provision of the inspection contract. Because the amount of the liquidated damages on which the parties agreed is less than $25,000, defendants argue this case fell within the exclusive jurisdiction of the district court under MCL 600.8301. Defendants also asserted that plaintiff failed to state a claim under the CPA. The trial court granted defendants' motion pursuant to MCR 2.116(C)(4), finding it had no subject-matter jurisdiction with respect to the breach of contract claim because the liquidated damages clause in the contract limited damages to $200. The trial court also granted summary disposition under MCR 2.116(C)(8) because plaintiff failed to state a claim under the CPA. The court concluded that the allegations contained in plaintiff's complaint essentially dealt with alleged defective performance of contractual obligations rather than any deceptive or unfair trade practice prohibited by the CPA. The trial court acknowledged, however, that although a violation might exist under the CPA for common-law fraud, plaintiff did not specifically plead that claim. Consequently, the court dismissed plaintiff's claims against

---

[1] David Linzmeyer is not involved in the instant appeal; therefore, "defendants" will refer only to MHI and Holden.

defendants. The court further allowed that if plaintiff were to file a more specific pleading setting forth viable misrepresentation claims, the court would then have jurisdiction.

Pursuant to the trial court's scheduling order, plaintiff was allowed to file an amended complaint against defendants and did so on January 15, 1999, asserting theories not previously considered. The amended complaint alleged with specificity that defendants' representations constituted unfair trade practices of misrepresentation or fraud in violation of the CPA and the common-law tort of fraud.

In another motion for summary disposition brought pursuant to MCR 2.116(C)(7), (C)(8), and (C)(10), defendants asserted that plaintiff's claims were barred by the one-year limitation period set forth in the inspection contract or, alternatively, that plaintiff failed to state a claim of common-law fraud. Regarding defendants' assertion that plaintiff's claims were untimely, the trial court denied defendants' motion, finding that MCR 2.118(D) provides that an amendment dates back to the date of the original pleading where the asserted claim arises out of the same conduct, transaction, or occurrence as that of the original pleading. Alternatively, the court concluded that plaintiff's misrepresentation allegations had been sufficiently pleaded so as to adequately state a claim of common-law fraud.

Defendants subsequently moved for reconsideration, arguing that the relation-back doctrine stated in MCR 2.118(D) does not extend to the addition of new parties. Under defendants' theory, because defendants were dismissed previously from this lawsuit, they were no longer parties to the action when plaintiff filed his amended complaint. Thus, the claims

alleged in plaintiff's amended complaint were still untimely. Nonetheless, the trial court determined that defendants had failed to establish palpable error and denied their motion. Thereafter, defendants filed an application for leave to appeal the trial court's order denying their second motion for summary disposition. This Court reversed the trial court's decision to deny defendants' motion and remanded the case to the circuit court with directions to grant defendants' motion.[2] In its order, this Court concluded that the relation-back doctrine did not govern the case and that, in any event, the doctrine does not extend to the addition of new parties. Thus, this Court found that plaintiff's claims were barred by the one-year period of limitation provided for by the contract between the parties.

Plaintiff then sought leave to appeal to our Supreme Court. In lieu of granting leave, our Supreme Court vacated this Court's order and remanded the matter to this Court for plenary consideration.[3] The Supreme Court also ordered:

> On remand, the Court of Appeals is to consider the effect of MCR 2.604(A) and MCR 2.116(I)(5) on defendants' argument that plaintiff's amended complaint does not relate back to the date of the original complaint under MCR 2.118(D).

## II. ANALYSIS OF ISSUES

Defendants argue that the trial court erred in holding that plaintiff's amended complaint relates back to

---

[2] *Yudashkin v Linzmeyer*, unpublished order of the Court of Appeals, entered September 28, 1999 (Docket No. 220510).

[3] *Yudashkin v Linzmeyer*, 462 Mich 860 (2000).

the date of the original complaint because the rela-
tion-back doctrine in MCR 2.118(D) does not apply to
new parties. Specifically, defendants assert that they
were completely dismissed from the lawsuit after the
trial court granted their first motion for summary dis-
position; consequently MCR 2.118(D) is inapplicable
because at the time plaintiff filed his amended com-
plaint, defendants were no longer parties to plaintiff's
action, and MCR 2.118(D) does not apply to the addi-
tion of new parties. Thus, because the relation-back
doctrine does not apply, defendants reason that plain-
tiff cannot rely on it to avoid defendants' statute of
limitations defense.

We disagree with defendants and conclude that this
Court erred in its previous order; plaintiff's amended
complaint should and does relate back to the date of
plaintiff's original pleading. The question regarding
whether an amendment relates back to the original
complaint presents an issue of law that is reviewed
de novo on appeal. *Doyle v Hutzel Hosp*, 241 Mich
App 206, 212; 615 NW2d 759 (2000). Further, this
Court reviews de novo a trial court's decision on a
motion for summary disposition. *Spiek v Dep't of
Transportation*, 456 Mich 331, 337; 572 NW2d 201
(1998).

MCR 2.118(D)[4] provides:

> Except to demand a trial by jury under MCR 2.508, an
> amendment relates back to the date of the original pleading
> if the claim or defense asserted in the amended pleading
> arose out of the conduct, transaction, or occurrence set
> forth, or attempted to be set forth, in the original pleading.

---

[4] We note that MCR 2.118(D) was amended, effective January 1, 2001,
to clarify that the relation-back doctrine pertains to the addition of claims
and defenses. This amendment does not affect our analysis.

Defendants are correct that the relation-back doctrine does not extend to the addition of new parties. *Hurt v Michael's Food Center, Inc*, 220 Mich App 169, 179; 559 NW2d 660 (1996); *Employers Mut Casualty Co v Petroleum Equipment, Inc*, 190 Mich App 57, 63; 475 NW2d 418 (1991). But defendants' argument that because they were no longer parties to this lawsuit after their dismissal, their return to the lawsuit by way of the amended complaint makes them "new parties," does not persuade us. Under the facts of this case and pursuant to MCR 2.604(A), the grant of summary disposition was not a final judgment.

MCR 2.604(A) provides in part:

> [A]n order or other form of decision adjudicating fewer than all the claims, or the rights and liabilities of fewer than all the parties, does not terminate the action as to any of the claims or parties, and the order is subject to revision before entry of final judgment adjudicating all the claims and the rights and liabilities of all the parties.

We were unable to find any cases interpreting whether MCR 2.604(A) mandates that in an action involving multiple claims or multiple parties the dismissal of all claims against a single party does not dismiss that party from the action and further mandates that the party remain a party until a final judgment resolves all claims of all parties.

The rules governing the interpretation of statutes apply with equal force to the interpretation of court rules. *Colista v Thomas*, 241 Mich App 529, 535; 616 NW2d 249 (2000). This Court has recognized that if the plain and ordinary meaning of the language of a statute is clear, judicial construction is neither necessary nor permitted. *Heinz v Chicago Rd Investment*

*Co*, 216 Mich App 289, 295; 549 NW2d 47 (1996). Furthermore, unless explicitly defined in a statute, "every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used." *Michigan State Bldg & Constr Trades Council, AFL-CIO v Director, Dep't of Labor*, 241 Mich App 406, 411; 616 NW2d 697 (2000).

According the language in MCR 2.604(A) its plain meaning, we conclude that because the trial court's grant of summary disposition to defendants on the claims asserted in the original complaint did not end this lawsuit, it was not a final judgment. This case involved multiple claims and parties because plaintiff's initial complaint also alleged different claims against the seller of the property. Defendants were still in the lawsuit under MCR 2.604(A) until "entry of final judgment adjudicating all the claims and the rights and liabilities of all the parties." The trial court's grant of summary disposition simply rendered defendants inactive parties in the lawsuit. Thus, under the plain language of MCR 2.604(A), the trial court's grant of summary disposition was not a final judgment and did not terminate the action with respect to defendants; therefore, defendants were not new parties to the lawsuit.

Moreover, after the trial court dismissed plaintiff's original claims against defendants, the trial court contemplated defendants' return to the lawsuit. During the first summary disposition hearing, the trial court stated:

> So the Court does grant summary disposition as to the Consumer Protection Act violations on [MCR 2.116](C)(8), under those grounds. But as to the misrepresentation

> claims, I'm giving notice that, at least under my reasoning, the Court might have to revisit the question if there is a more specific pleading about what the fraud was.
>
> It's not here. And so at least at this time, I grant summary disposition. But the Court may have jurisdiction on the Consumer Protection Act claim if there are specific pleadings that would support a fraud claim, in essence.

Clearly, the trial court's ruling put defendants on notice that it would have jurisdiction over defendants if plaintiff chose to amend his complaint against defendants to specifically allege fraud. Indeed, the trial court granted plaintiff leave to amend his complaint to add new theories in a subsequent scheduling order. "If a trial court grants summary disposition pursuant to MCR 2.116(C)(8), (C)(9), or (C)(10), the court must give the parties an opportunity to amend their pleadings pursuant to MCR 2.118, unless the amendment would be futile. MCR 2.116(I)(5)." *Doyle, supra* at 212. "An amendment is futile if it merely restates the allegations already made or adds allegations that still fail to state a claim." *Lane v Kinder-Care Learning Centers, Inc,* 231 Mich App 689, 697; 588 NW2d 715 (1998).

Here, plaintiff's amendment is not facially futile. His amendment does not merely restate previous allegations: he alleged a new theory of common-law fraud. Further, the trial court held that plaintiff's amended complaint sufficiently alleged a claim of fraud; therefore, plaintiff's amended complaint is not futile.

Defendants' contention that because plaintiff's claims against them were dismissed, plaintiff could no longer amend his complaint and allege new theories or claims against them would render MCR

2.116(I)(5) meaningless. Defendants' position would make it impossible for a party to amend a complaint against another party after a grant of summary disposition pursuant to MCR 2.116(C)(8), (C)(9), or (C)(10) where the amended complaint is time-barred. We must avoid constructions that render any part of a court rule surplusage or nugatory. *Hoste v Shanty Creek Management, Inc*, 459 Mich 561, 574; 592 NW2d 360 (1999); *Colista, supra*. In addition, as this Court explained recently, the relation-back doctrine does not conflict with the policy behind the statute of limitations because it still requires the party amending its pleadings to plead the transaction or occurrence that forms the original basis of the lawsuit before the limitations period has expired. *Doyle, supra* at 214-220. Thus, where, as here, plaintiff's amended complaint arises from the same conduct, transaction, or occurrence as that of the original complaint, the fact that summary disposition was granted in favor of these defendants does not preclude amendment. See *Feliciano v Dep't of Natural Resources*, 158 Mich App 497, 500; 405 NW2d 178 (1987). Defendants' claim is without merit.

In addition, contrary to defendants' argument, MCL 600.5856, the tolling statute, does not govern whether plaintiff's amended complaint was timely filed. As previously stated, plaintiff's amended complaint relates back to the date the original complaint was filed. Plaintiff's theories of fraud arise from the very same home inspection and the same structural defects that prompted this lawsuit. Because the allegations in the amended complaint arose from the same conduct, transaction, and occurrences that formed the basis of the first complaint, the trial

court's conclusion that the amended complaint related back to the date of the original complaint pursuant to MCR 2.118(D) was proper. Hence, the tolling statute never comes into play.

Specifically, the original complaint was filed on February 5, 1998, exactly one year after defendants completed the inspection. The contract between the parties provides for a one-year limitation period. Thus, the original complaint was filed within the period on which the parties agreed, and under MCR 2.118(D), the amended complaint was also timely. Further, with respect to defendant's related question regarding whether the limitation period was tolled beyond the date of the trial court's order granting summary disposition in favor of defendants, we again explain that because the amended complaint relates back, any issue relating to the tolling of the limitation period is irrelevant.

Defendants next argue that MCR 2.604(A) does not directly govern or control the running or tolling of the period of limitation. Although there is merit to defendants' assertion, MCR 2.604(A) does indirectly interact with the statute of limitations through the relation-back doctrine. It is the court rule that establishes the party status of defendants for purposes of the doctrine. MCR 2.604(A) clearly dictates when a party remains a party to a lawsuit involving multiple claims or multiple parties. Further, defendants' argument mistakenly assumes that our Supreme Court indicated in its order that MCR 2.604(A) governs the running or tolling of the period of limitation. However, our Supreme Court's order directed this Court to consider the effect of MCR 2.604(A) on defendants' argument that plaintiff's amended pleading did not relate back

to the date of the original complaint under MCR 2.118(D), i.e., this Court must consider the effect of MCR 2.604(A) on the relation-back doctrine and not on the tolling of the period of limitations. We also note that no language in MCR 2.604(A) supports defendants' claim that the court rule functions only in conjunction with MCR 7.204 and MCR 7.205 to ascertain when an appeal by right may be filed and when an application for leave to appeal must be filed.

Finally, there is no merit to defendants' argument that plaintiff failed to timely amend his complaint. As previously stated, the trial court was required pursuant to MCR 2.116(I)(5) to give plaintiff the opportunity to amend his complaint because it granted summary disposition, at least in part, under MCR 2.116(C)(8). Plaintiff filed his amended complaint in accordance within the specified date contained in the court's scheduling order.

We affirm.