*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN HEAD & SPINE INSTITUTE, PC,

        Plaintiff-Appellant,

and

BEAUMONT HEALTH, and KUANDA BEY,

        Intervening Plaintiffs,

v

GEICO INDEMNITY CO., and STATE FARM
MUTUAL AUTOMOBILE INSURANCE CO.,

        Defendants-Appellees.

UNPUBLISHED
September 17, 2019

No. 345916
Wayne Circuit Court
LC No. 16-012678-NF

Before: BORRELLO, P.J., and K. F. KELLY and SERVITTO, JJ.

PER CURIAM.

In this action under Michigan's no-fault act, MCL 500.3101[1] *et seq.*, plaintiff Michigan Head & Spine Institute, PC (MHSI), appeals as of right and challenges the trial court's rulings granting summary disposition motions filed by defendants, State Farm Mutual Automobile Insurance Company and GEICO Indemnity Company (collectively, defendants), dismissing MHSI from the case, and denying MHSI's motion for leave to amend its complaint. For the reasons set forth in this opinion, we reverse and remand this matter for further proceedings consistent with this opinion.

## I. BACKGROUND

---

[1] The recent amendments to MCL 500.3101 are not implicated in the instant appeal. See 2017 PA 140; 2019 PA 21.

On October 4, 2016, MHSI initiated this lawsuit against defendants, seeking to recover payment for medical services MHSI provided to Kuanda Bey following Bey's involvement in two motor vehicle accidents. According to the complaint, Bey was injured in motor vehicle accidents that occurred on July 3, 2014, and November 11, 2015, which led him to seek medical treatment "on various occasions at MHSI, including but not limited to dates of service between May 18, 2016 and August 2, 2016." The complaint alleged that GEICO and State Farm were the no-fault insurers in the highest order of priority responsible for paying personal protection insurance benefits on Bey's behalf with respect to these two motor vehicle accidents. The trial court granted Beaumont Health's subsequent motion to intervene, which alleged that it was also entitled to reimbursement for medical services provided to Bey and related to one or both of the above motor vehicle accidents.[2]

On May 25, 2017, as the instant action was proceeding, our Supreme Court held in *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 195-196; 895 NW2d 490 (2017) that "healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of personal protection insurance benefits under the no-fault act," expressly overruling caselaw from this Court that had concluded that medical providers possessed independent standing to directly sue no-fault insurers. However, the *Covenant* Court clarified that its decision was "not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Id*. at 217 n 40, citing MCL 500.3143[3] and *Prof Rehab Assoc v State Farm Mut Auto Ins Co*, 228 Mich App 167, 172; 577 NW2d 909 (1998).

Less than three weeks later, State Farm moved for summary disposition under MCR 2.116(C)(8), arguing that the claims of MHSI and Beaumont Health should be dismissed pursuant to the holding in *Covenant*. GEICO subsequently concurred in State Farm's summary disposition motions.

In response, MHSI moved for leave to file an amended complaint. MHSI indicated that Bey had "signed assignments at the end of virtually every appointment" with MHSI since 2014, including the most recent appointment on September 27, 2016. As pertinent to the issues now on appeal, MHSI requested that it be allowed to amend its complaint in light of *Covenant* to specify that it had standing to pursue its claims against GEICO and State Farm based on the assignments executed by Bey. Several such assignments, completed by Bey and assigning his right to collect no-fault benefits to MHSI, were attached to MHSI's motion. These included assignments completed on August 2, 2016, September 19, 2016, and September 27, 2016, stating that Bey did "hereby assign [his] right to collect no-fault insurance benefits, if any, for unpaid services rendered by Michigan Head & Spine Institute (MHSI) to date, to MHSI and attorneys operating on its behalf" and that "[t]his is not an assignment of benefits payable in the future or after the date of this document." Beaumont Health similarly moved for leave to file an amended complaint to account for an assignment it had received from Bey as a basis for its standing to

---

[2] Beaumont Health is not a party to the instant appeal.

[3] MCL 500.3143 provides: "An agreement for assignment of a right to benefits payable in the future is void."

pursue its claims against GEICO and State Farm. Attached to this motion was an assignment of benefits completed by Bey on June 8, 2017.

Defendants opposed allowing the proposed amendments to the complaints and argued that the amendments would be futile because the assignments were prohibited by antiassignment clauses in the respective insurance policies issued by State Farm and GEICO to Bey. State Farm's antiassignment clause stated, "No assignment of benefits or other transfer of rights is binding upon *us* unless approved by *us*." GEICO'S antiassignment clause stated, "*Your* rights and duties under this policy may not be assigned without our written consent." State Farm and GEICO both alleged that they did not approve or consent to the assignments by Bey.

MHSI and Beaumont Health also filed responses to State Farm's motions for summary disposition. Both MHSI and Beaumont Health maintained that the antiassignment clauses in the insurance contracts were not enforceable to prevent the post-loss assignment of claims. In making this argument, MHSI and Beaumont Health relied on the Michigan Supreme Court's holding in *Roger Williams Ins Co v Carrington*, 43 Mich 252, 254; 5 NW 303 (1880), stating that an insurance policy's provision prohibiting assignment without the insurer's consent was invalid as against public policy with respect to an assignment made after the loss occurred and that such a post-loss assignment could therefore be effectively made without the insurer's consent. MHSI and Beaumont Health argued that our Supreme Court had thus recognized a distinction between pre-loss assignments and post-loss assignments, only the former of which could permissibly be prohibited by the contract on the theory that a pre-loss assignment could materially change the risk assumed by the insurer. MHSI and Beaumont Health argued that a post-loss assignment has no effect on the risk assumed by the insurer because the claim has already accrued, at which time the insurer's liability has become fixed, and an assignee merely obtains the right to pursue the claim as the assignor could have pursued it.

While the above motions remained pending, Bey moved to intervene as a plaintiff in the action.

A hearing was held on August 11, 2017 to address the pending motions. The trial court granted Bey's motion to intervene. The trial court also granted the summary disposition motions filed by State Farm and GEICO under MCR 2.116(C)(8), and the court consequently dismissed without prejudice the claims of MHSI and Beaumont Health pursuant to *Covenant*. The trial court concluded that these claims against State Farm and GEICO would be resolved through Bey's case. The trial court further ruled that MHSI's and Beaumont Health's motions for leave to amend the complaints were moot but would be denied nonetheless because the amendments would be futile. In doing so, the trial court expressed its conclusion that the antiassignment clauses in the insurance policies rendered the proposed amendments to the pleadings futile.

MHSI filed an application for leave to appeal in this Court, which was denied "for failure to persuade the Court of the need for immediate appellate review."[4] The Michigan Supreme Court denied MHSI's application for leave to appeal and MHSI's motion for reconsideration.[5]

On September 28, 2018, pursuant to stipulation of the parties remaining in the case, an order was entered dismissing the action with prejudice. The order stated that it dismissed "all claims as to all parties."

MHSI now appeals.

## II. DISCUSSION

The dispositive issues in this case concerns the enforceability of the antiassignment clauses and whether MHSI's motion for leave to amend its complaint to avoid summary disposition under *Covenant* was considered under the proper legal standards. MHSI argues on appeal that the resolution of these issues is controlled by this Court's decision in *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182; 920 NW2d 148 (2018), under which the antiassignment clauses were unenforceable to prevent the post-loss assignments that occurred in this case.

## A. STANDARD OF REVIEW

A trial court's ruling on a motion for summary disposition is reviewed de novo. *Winkler v Marist Fathers of Detroit, Inc*, 500 Mich 327, 333; 901 NW2d 566 (2017). In this case, the trial court granted summary disposition pursuant to MCR 2.116(C)(8), which provides that summary disposition is appropriate if "[t]he opposing party has failed to state a claim on which relief can be granted." On a motion under MCR 2.116(C)(8), a court is to consider only the pleadings, and the motion should only be granted if "the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Maiden v Rozwood*, 461 Mich 109, 119-120; 597 NW2d 817 (1999) (quotation marks and citation omitted).

However, as this Court has previously explained:

"If a trial court grants summary disposition pursuant to MCR 2.116(C)(8), (C)(9), or (C)(10), the court must give the parties an opportunity to amend their pleadings pursuant to MCR 2.118, unless the amendment would be futile." *Yudashkin v Holden*, 247 Mich App 642, 651; 637 NW2d 257 (2001) (quotation marks and citation omitted); see also MCR 2.116(I)(5) (''If the grounds asserted are based on subrule (C)(8), (9), or (10), the court shall give the parties an

---

[4] *Michigan Head & Spine Institute PC v Geico Indemnity Co*, unpublished order of the Court of Appeals, entered January 18, 2018 (Docket No. 340273).

[5] *Michigan Head & Spine Institute, PC v Geico Indemnity Co*, 501 Mich 1084 (2018); *Michigan Head & Spine Institute, PC v Geico Indemnity Co*, 502 Mich 909 (2018).

opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified."). "An amendment is futile if it merely restates the allegations already made or adds allegations that still fail to state a claim." *Yudashkin*, 247 Mich App at 651 (quotation marks and citation omitted). Under MCR 2.118(A)(2), a party may amend a pleading by leave of the court and such "[l]eave shall be freely given when justice so requires." [*Shah*, 324 Mich App at 209.]

When reviewing a trial court's decision whether to grant leave to amend, this Court will only reverse if the trial court's ruling "constituted an abuse of that discretion that resulted in injustice." *Id*. at 208 (quotation marks and citation omitted). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted; alteration in original). "[A] motion to amend should ordinarily be denied only for particularized reasons, including undue delay, bad faith or a dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility." *Id*. (quotation marks and citation omitted; alteration in original). "A trial court necessarily abuses its discretion when it makes an error of law." *Id*. (quotation marks and citation omitted).

In this case, the trial court's decisions to deny MHSI the opportunity to amend its pleadings to account for its assignments from Bey and to grant the summary disposition motions filed by State Farm and GEICO were intricately intertwined. The record reflects that the trial court clearly considered and relied on the antiassignment clauses in the policies in reaching its decisions. However, these policies, as well as the assignments relied on by MHSI, were not attached to any pleadings; they were only attached to the parties' respective motions and responses to motions. See MCR 2.110(A) (defining the term "pleading"). Therefore, because the trial court's rulings necessarily were based on consideration of material outside the pleadings, we will treat the trial court's summary disposition ruling as one made under MCR 2.116(C)(10). *Shah*, 324 Mich App at 206-207.

Under MCR 2.116(C)(10), "a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion." *Maiden*, 461 Mich at 120 (citation omitted). "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Id*.

## B. ANALYSIS

Our resolution of the instant appeal is guided by our decision in *Shah*. Like this case, *Shah* involved a situation where medical providers sought to rely on assignments to maintain their action seeking to recover from a no-fault insurer after the *Covenant* decision was issued during the course of ongoing litigation, while the no-fault insurer contended that the assignments were invalid due to an antiassignment clause in the insurance policy. *Shah*, 324 Mich App at 186-191. This Court held in *Shah* that "the antiassignment clause in the instant case is unenforceable to prohibit the assignment that occurred here—an assignment after the loss occurred of an accrued claim to payment—because such a prohibition of assignment violates Michigan public policy that is part of our common law as set forth by our Supreme Court."

*Shah*, 324 Mich App at 200, citing *Roger Williams*, 43 Mich at 254 and *Rory v Continental Ins Co*, 473 Mich 457, 469-471; 703 NW2d 23 (2005). The *Shah* Court reasoned:

> Our Supreme Court in *Roger Williams* essentially held that an accrued cause of action may be freely assigned after the loss and that an antiassignment clause is not enforceable to restrict such an assignment because such a clause violates public policy in that situation. *Roger Williams*, 43 Mich at 254. In this case, [the insured] had an accrued claim against his insurer for payment of healthcare services that had already been provided by plaintiffs [i.e., the medical providers] before [the insured] executed the assignment. Under *Roger Williams*, the contractual prohibition against [the insured] assigning that claim to plaintiffs was unenforceable because it was against public policy. *Id*. [*Shah*, 324 Mich App at 200.]

Through an assignment from the injured insured, a medical provider may obtain standing to sue a no-fault insurer directly to recover no-fault benefits. *Shah*, 324 Mich App at 204 (stating that "[a]n assignee stands in the position of the assignor, possessing the same rights and being subject to the same defenses" and that "the procurement of the assignments . . . provided the only means by which [the medical providers] could have standing to maintain a direct action against defendant insurer for recovery of no-fault benefits in this case") (quotation marks and citation omitted); see also *Covenant*, 500 Mich at 195-196, 217 n 40.

In this case, Bey similarly assigned MHSI his right to collect any no-fault benefits to which he may be entitled for medical services already provided, and he completed these assignments after his right to claim no-fault benefits became fixed on the basis of receiving treatment for injuries following an automobile accident.[6] See MCL 500.3105(1)[7]; MCL 500.3107(1)(a).[8] Under *Shah*, the antiassignment clauses in the instant case were unenforceable as against public policy to prohibit such a post-loss assignment of rights. *Shah*, 324 Mich App at 200.

Although defendants generally disagree with this Court's opinion in *Shah* and seemingly imply that *Shah* may be somehow disregarded in this case because our Supreme Court has

---

[6] The substantive questions regarding defendants' actual degree of liability under the no-fault act are not before this Court at this juncture.

[7] MCL 500.3105(1) provides: "Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter."

[8] MCL 500.3107(1)(a) provides generally that personal protection insurance benefits are payable for "[a]llowable expenses" related to "an injured person's care, recovery, or rehabilitation." While this statute has recently been amended, this particular language appears in both the prior and current versions of the statute. Compare 2012 PA 542 with 2019 PA 21.

granted oral argument on the application for leave to appeal in *Shah*,[9] the fact remains that *Shah* is still binding on this Court at this time and its precedential effect has not been diminished. See MCR 7.215(J)(1) ("A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals as provided in this rule."); MCR 7.215(C)(2) ("A published opinion of the Court of Appeals has precedential effect under the rule of stare decisis. The filing of an application for leave to appeal to the Supreme Court or a Supreme Court order granting leave to appeal does not diminish the precedential effect of a published opinion of the Court of Appeals.").

The trial court in this case granted summary disposition and dismissed MHSI from this action pursuant to *Covenant* and then denied MHSI the opportunity to amend its pleadings to account for a theory of standing based on assignments it had already obtained from Bey before filing the instant action,[10] believing that the antiassignment clauses made such an amendment futile. However, because the assignments could have provided MHSI with the standing it lacked once the *Covenant* decision was issued and the antiassignment clauses were unenforceable to prevent the post-loss assignments in this case, the antiassignment clauses thus did not dictate the conclusion that it would have been futile to permit MHSI to amend its complaint to reflect the existence of the assignments. *Shah*, 324 Mich App at 200, 204, 209; *Covenant*, 500 Mich at 195-196, 217 n 40. Therefore, the trial court necessarily abused its discretion in denying MHSI's motion for leave to amend because its decision was based on a mistake in law. *Shah*, 324 Mich App at 208-209. Furthermore, because assignments from Bey could have provided MHSI with standing under *Covenant*, the trial court erred by granting summary disposition without properly applying the law regarding the effect of the antiassignment clauses in order to determine whether an amendment to the pleadings based on the assignments would have been futile.[11] *Shah*, 324 Mich App at 209.

---

[9] The Michigan Supreme Court ordered oral argument to be scheduled on the application for leave to appeal in *Shah*. *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 503 Mich 882 (2018).

[10] Unlike *Shah*, the assignments in this case were obtained before the litigation commenced and this case thus presents an attempt to file an amended pleading, not a supplemental pleading. See *Shah*, 324 Mich App at 204 (concluding that the medical providers had actually sought to file a supplemental pleading because "the procurement of the assignments was an event that occurred after the filing of the original complaint and provided the only means by which plaintiffs could have standing to maintain a direct action against defendant insurer for recovery of no-fault benefits in this case"); see also MCR 2.118(D) and (E) (discussing amended and supplemental pleadings).

[11] The validity of these assignments and whether defendants are actually liable to pay any of the benefits sought in this action are not currently before this Court because the trial court did not rule on those issues.

In light of this conclusion, MHSI's remaining arguments are moot because a ruling on those issues would not "for any reason have a practical legal effect on the existing controversy." *Garrett v Washington*, 314 Mich App 436, 449; 886 NW2d 762 (2016) (quotation marks and citation omitted). There is accordingly no need for this Court to address those arguments. *Id*. ("This Court does not decide moot issues.").

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiffs, having prevailed, are entitled to costs. MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto