*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALLSTATE INSURANCE COMPANY,

        Plaintiff-Appellee,

v

DOMINIQUE JAMIA JOHNSON,

        Defendant-Appellant.

UNPUBLISHED
May 25, 2023

No. 360079
Wayne Circuit Court
LC No. 20-009080-NF

Before: RICK, P.J., and SHAPIRO and O'BRIEN, JJ.

PER CURIAM.

In this no-fault action, MCL 500.3101 *et seq*., defendant appeals by leave granted[1] the trial court's order granting plaintiff's motion for summary disposition. We reverse and remand for further proceedings.

## I. BACKGROUND

This case arises from a motor vehicle accident that occurred on November 23, 2014. Defendant owned the 2000 Chevrolet Malibu that was involved in the accident. The insurance policy on the Malibu expired shortly after March 2014, and thus the vehicle was uninsured at the time of the accident. Because the car had no insurance, defendant instructed her boyfriend, Eric Jackson, not to drive it. Nevertheless, Eric's father, Melvin Jackson, got permission from Eric to drive the Malibu. In a deposition, Melvin testified that he knew defendant owned the Malibu and that he obtained permission to drive the vehicle from Eric, not defendant, despite knowing that Eric was not the owner of the vehicle. Melvin confirmed that he never had a conversation with defendant regarding the Malibu and that "defendant did not specifically tell [Melvin that he] could take the car." Melvin subsequently got into a car accident while driving the Malibu on M-10 in Detroit, Michigan. Melvin and a passenger, Joi Jackson, were injured in the accident and sought no-fault insurance benefits. The claim was assigned to plaintiff, which paid $1,463,962.93 to

---

[1] See *Allstate Ins Co v Johnson*, unpublished order of the Court of Appeals, entered May 6, 2022 (Docket No. 360079).

Melvin and Joi in personal protection insurance (PIP) benefits, adjustment expenses, and attorney fees.

In July 2020, plaintiff filed a complaint seeking subrogation against defendant pursuant to MCL 500.3177(1). In response, defendant admitted she owned the Malibu and that, "at the time of the accident, the Uninsured Vehicle was uninsured in violation of the Michigan No-Fault Act, MCL 500.3101, *et seq*." Defendant did not expressly raise an affirmative defense regarding Melvin using the Malibu without defendant's permission. However, defendant did raise a defense that "[p]laintiff is not entitled to the payment of personal protection insurance benefits, pursuant to MCL 500.3113."[2]

In September 2021, plaintiff moved for summary disposition under MCR 2.116(C)(9) (failure to state a valid defense) and (C)(10) (no genuine issue of material fact). Plaintiff claimed that defendant's answer to the complaint admitted all of the essential elements of the claim, and that summary disposition was therefore proper under MCR 2.116(C)(9). Plaintiff explained that: (1) defendant was the owner of the Malibu, (2) the Malibu was uninsured, and (3) Melvin drove the Malibu on a highway on the day of the accident. Defendant's answer did not dispute these allegations. Additionally, plaintiff argued there was no question of fact regarding whether it was entitled to subrogation against defendant under MCL 500.3177(1), given that all of the other elements of plaintiff's claim were undisputed. Thus, said plaintiff, summary disposition under MCR 2.116(C)(10) was also proper.

In a response to plaintiff's motion, defendant argued that there was a genuine issue of material fact regarding whether Melvin had her permission to use the uninsured Malibu. Defendant argued that she did not permit Melvin to operate the Malibu on a public highway. Thus, she bore no financial responsibility for the accident because defendant complied with the no-fault act. Further, defendant argued that plaintiff was not "[t]he insurer obligated to pay personal protection insurance" for the accident because MCL 500.3113(a) states that a person who takes a vehicle unlawfully is ineligible for no-fault benefits. Since Melvin did not have permission to drive the Malibu and was ineligible to receive no-fault benefits, the benefits that plaintiff paid were not compensable under the no-fault act.

In October 2021, defendant filed a motion to amend her answer to the complaint and argued that she erroneously stated the Malibu was uninsured in violation of the no-fault act. Defendant explained that although the Malibu was uninsured, it was not required to be insured under MCL 500.3101(1) of the no-fault act, which only requires vehicles that are operated or moved on a highway to be insured. Defendant requested leave to amend her answer to conform to the proofs of her affidavit and Melvin's deposition testimony, which showed that she told Eric that the vehicle was not be to driven because it was uninsured and that she had not given anyone permission to drive the Malibu. Thus, defendant concluded, the Malibu was not required to be insured because

---

[2] MCL 500.3113 provides, "[a] person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if . . . [t]he person was willingly operating or willingly using a motor vehicle or motorcycle that was taken unlawfully, and the person knew or should have known that the motor vehicle or motorcycle was taken unlawfully."

she had not given anyone permission to drive the vehicle on a public highway. In response, plaintiff pointed out that defendant delayed filing her motion to amend for 14 months, and argued that allowing defendant to amend her answer after such a long delay was unreasonable and would significantly prejudice plaintiff.

At a hearing on the motions, the trial court concluded that defendant's lack-of-permission defense was an affirmative defense that was waived as a result of her failure to raise it in her first responsive pleading. The court also observed that there was no dispute that defendant owned the Malibu at the time of the accident and that the Malibu was uninsured. The trial court then granted plaintiff's motion for summary disposition. Concluding that defendant's request to amend her answer would be futile, the court also denied defendant's motion to amend her answer. In an order entered after the hearing, the court granted plaintiff's motion for summary disposition under MCR 2.116(C)(9) and (C)(10), and entered a judgment against defendant in the amount of $1,463,962.93. This appeal followed.

## II. ANALYSIS

### A. SUMMARY DISPOSITION

Defendant argues the trial court erred when it granted plaintiff's motion for summary disposition under MCR 2.116(C)(9) and (C)(10). We agree.

We "review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Summary disposition is proper under MCR 2.116(C)(9) "if a defendant fails to plead a valid defense to a claim," as well as "when the defendant's pleadings are so clearly untenable that as a matter of law, no factual development could possibly deny the plaintiff's right to recovery." *Capital Area Dist Library v Mich Open Carry, Inc*, 298 Mich App 220, 227; 826 NW2d 736 (2012) (quotation marks and citation omitted). "Only the pleadings may be considered when the motion is based on subrule (C)(8) or (9)." MCR 2.116(G)(5).

When considering a motion under MCR 2.116(C)(10), "a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil*, 504 Mich at 160. Only when there is no genuine issue of material fact may the motion be granted. *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

Plaintiff brought its claim for reimbursement pursuant to MCL 500.3177(1), which states:

> The insurer obligated to pay personal protection insurance benefits for accidental bodily injury to a person arising out of the ownership, maintenance, or use of an uninsured motor vehicle as a motor vehicle may recover all benefits paid, incurred loss adjustment costs and expenses, and incurred attorney fees from the owner or registrant of the uninsured motor vehicle or from his or her estate. . . . For purposes of this section, an uninsured motor vehicle is a motor vehicle with respect to which security as required by sections 3101(1) and 3102 is not in effect at the time of the accident.

Thus, an insurer is only able to recover benefits for uninsured vehicles which are required to maintain security under MCL 500.3101(1) and MCL 500.3102. MCL 500.3101(1) states that "[s]ecurity is only required to be in effect during the period the motor vehicle is driven or moved on a highway."[3]

Regarding MCR 2.116(C)(9), defendant first argues that MCL 500.3102(2) required plaintiff to show that she permitted the Malibu to be driven on a highway as part of its case-in-chief. MCL 500.3102(2) states, in relevant part:

> (2) An owner or registrant of a motor vehicle or motorcycle with respect to which security is required, who operates the motor vehicle or motorcycle or *permits it to be operated* upon a public highway in this state, without having in full force and effect security complying with this section or section 3101 or 3103 is guilty of a misdemeanor. [Emphasis added.]

This subsection only states that a person who permits the use of an uninsured vehicle is guilty of a misdemeanor; therefore, it merely establishes a criminal penalty for persons violating the no-fault act's requirements. MCL 500.3102(2). Consequently, we find that defendant's argument regarding MCL 500.3102(2) lacks merit.

However, defendant also argues that MCL 500.3113 limits plaintiff's right to subrogation against defendant under MCL 500.3177(1). Specifically, defendant argues plaintiff was not an "insurer obligated to pay" benefits. We agree. MCL 500.3113 provides:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

> (a) The person was willingly operating or willingly using a motor vehicle or motorcycle that was taken unlawfully, and the person knew or should have known that the motor vehicle or motorcycle was taken unlawfully.

"Because a taking does not have to be larcenous to be unlawful, the phrase 'taken unlawfully' in MCL 500.3113(a) applies to anyone who takes a vehicle without the authority of the owner, regardless of whether that person intended to steal it." *Spectrum Health Hosps v Farm Bureau Mut Ins Co*, 492 Mich 503, 518; 821 NW2d 117 (2012).

In her answer, defendant pleaded that, pursuant to MCL 500.3113, plaintiff was not entitled to subrogation against defendant. Although she did not expressly argue that this was so because Melvin unlawfully drove her Malibu, she nevertheless pleaded a valid defense to plaintiff's claim. Summary disposition under MCR 2.116(C)(9) is only proper when "the defendant's pleadings are

---

[3] MCL 500.3102(1) concerns requirements for nonresident owners of unregistered vehicles, and is thus not relevant to this case. MCL 500.3102(2) states owners of vehicles who "operate[] the motor vehicle . . . or permit[] it to be operated upon a public highway" without having no-fault insurance are guilty of a misdemeanor.

so clearly untenable that as a matter of law, no factual development could possibly deny the plaintiff's right to recovery." *Capital Area Dist Library*, 298 Mich App at 227 (quotation marks and citation omitted). Because further factual development could establish that Melvin did not have defendant's permission to use the Malibu, suggesting that plaintiff's claim for recovery could be denied, this claim is not untenable within the meaning of MCR 2.116(C)(9). Therefore, the trial court ultimately erred by granting plaintiff's motion for summary disposition under MCR 2.116(C)(9).

Concerning MCR 2.116(C)(10), defendant argues that a genuine issue of material fact exists regarding whether she gave Melvin permission to use the Malibu. However, "[a] defense not asserted in the responsive pleading . . . is waived." MCR 2.111(F)(2). Defendant failed to raise the defense that she did not give Melvin permission to use her vehicle regarding MCL 500.3102 in her responsive pleading. Defendant also never amended her answer prior to the filing of plaintiff's motion for summary disposition. Thus, we agree with the trial court that defendant's argument of permissive use of the Malibu regarding MCL 500.3102 was waived.

However, defendant also argues that a genuine issue of material fact exists regarding whether plaintiff was "[t]he insurer obligated to pay personal protection insurance benefits" under MCL 500.3177. As noted above, MCR 500.3113 states that a person is not entitled to no-fault benefits if he used a motor vehicle that was "taken unlawfully." Again, an unlawful taking "applies to anyone who takes a vehicle without the authority of the owner, regardless of whether that person intended to steal it." *Spectrum Health Hosps*, 492 Mich at 518. We agree there is a genuine issue of material fact concerning whether Melvin had defendant's permission to use the Malibu. Melvin testified that only Eric gave Melvin permission to use the Malibu. Melvin also testified he knew defendant owned the vehicle and that "[defendant] did not specifically tell [Melvin that he] could take the car." Considering the evidence in the light most favorable to defendant, the nonmovant, reasonable minds could differ regarding whether Melvin had authority to use the Malibu, and consequently, whether plaintiff was obligated to pay benefits to Melvin. Thus, the trial court erred when it granted plaintiff's motion for summary disposition under MCR 2.116(C)(10).

## B. AMENDMENT OF THE PLEADINGS

Defendant next argues that the trial court erred when it denied defendant's motion for leave to amend her answer. We agree.

"The grant or denial of a motion for leave to amend pleadings is reviewed for an abuse of discretion." *Titan Ins Co v North Pointe Ins Co*, 270 Mich App 339, 346; 715 NW2d 324 (2006). "A trial court does not abuse its discretion when its decision falls within the range of principled outcomes." *Rock v Crocker*, 499 Mich 247, 255; 884 NW2d 227 (2016).

As noted above, a defense not asserted in a responsive pleading is considered waived under MCR 2.111(F)(2). However, MCR 2.111(F)(3) states that affirmative defenses "must be stated in a party's responsive pleading, either as originally filed *or as amended* in accordance with MCR 2.118." (Emphasis added.) Under MCR 2.118(A)(2), "leave [to amend a pleading] shall be freely given when justice so requires." Further, "[a] party may move to amend its affirmative defenses at any time, and leave should be granted freely unless doing so would prejudice the other party." *Glasker-Davis v Auvenshine*, 333 Mich App 222, 230; 964 NW2d 809 (2020).

-5-

Additionally, as it relates to the specific motion for summary disposition at issue in this case, this Court has opined that "[i]f a trial court grants summary disposition pursuant to MCR 2.116(C)(8), (C)(9), or (C)(10), the court must give the parties an opportunity to amend their pleadings pursuant to MCR 2.118, unless the amendment would be futile." *Yudashkin v Linzmeyer*, 247 Mich App 642, 651; 637 NW2d 257 (2001) (quotation marks and citation omitted); see also MCR 2.116(I)(5) (stating the court shall give parties the opportunity to amend their pleadings under MCR 2.118, "unless the evidence then before the court shows that amendment would not be justified").

Defendant's answer was filed on August 25, 2020, and the motion to amend was filed on October 5, 2021; thus, it is clear that there was a significant delay between the filing of the answer and the motion to amend the pleadings. Plaintiff argues that it would be prejudiced if defendant were permitted to amend her answer after so long a delay. However, "[d]elay, alone, does not warrant denial of a motion to amend . . . ." *Decker v Rochowiak*, 287 Mich App 666, 682; 791 NW2d 507 (2010) (quotation marks and citation omitted). Instead, "[l]eave to amend should be denied only for particularized reasons, such as undue delay, bad faith or dilatory motive on the movant's part, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party, or where amendment would be futile." *Miller v Chapman Contracting*, 477 Mich 102, 105; 730 NW2d 462 (2007).

There is no indication that defendant's delay in filing the motion to amend was done in bad faith. Moreover, plaintiff has not shown that amendment of the answer would cause it to suffer actual prejudice, which exists if the amendment "would prevent the opposing party from receiving a fair trial, for example, the opposing party would not be able to properly contest the matter raised in the amendment because important witnesses have died or necessary evidence has been destroyed or lost." *Weymers v Khera*, 454 Mich 639, 659; 563 NW2d 647 (1997). No such issues have been presented in this case. We further conclude that the undue delay has not prejudiced plaintiff because plaintiff has been aware of Melvin's deposition testimony, in which he testified that he did not receive permission from defendant to use the Malibu, since at least 2017. Thus, an amendment to the pleadings to include a defense concerning permissive use of the vehicle would not prevent plaintiff from receiving a fair trial. Plaintiff had been on notice of Melvin's statements regarding the issue of permissive use of the Malibu, and should have no difficulty contesting this matter.

Additionally, the amendment of defendant's pleading would be justified under the circumstances. See MCR 2.116(I)(5). Here, the evidence before the Court shows that there is a question of fact regarding whether Melvin had permission from defendant to use the Malibu. Melvin testified that Eric was the only person who gave him permission to use the Malibu, that he knew defendant owned the vehicle, and that "[defendant] did not specifically tell [Melvin that he] could take the car." Thus, we conclude an amendment to defendant's answer is justified and would not be futile. *Yudashkin*, 247 Mich App at 651.

III. CONCLUSION

We conclude that the trial court erred when it granted plaintiff's motion for summary disposition under MCR 2.116(C)(9) and (C)(10) because defendant pleaded a valid defense to plaintiff's claim and there is a genuine issue of material fact regarding whether Melvin used the Malibu without defendant's permission as the owner of the vehicle. Additionally, the trial court

abused its discretion when it denied defendant's motion for leave to amend her answer, where amendment would not be futile or prejudicial to plaintiff.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michelle M. Rick
/s/ Douglas B. Shapiro