WHITE-BEY v DEPARTMENT OF CORRECTIONS

Docket No. 213395. Submitted December 8, 1999, at Lansing. Decided December 28, 1999, at 9:05 A.M. Leave to appeal sought.

Allan White-Bey, a prisoner within the jurisdiction of the Department of Corrections, filed a complaint in the Ingham Circuit Court against the department, seeking a writ of mandamus enjoining the department from removing funds from the plaintiff's account to satisfy an order of restitution that was contained in his judgment of sentence. The order states: "Court recommendation: Restitution $140.00 to Sam Knolton-condition of parole or discharge." The plaintiff alleged that the restitution order could not be executed until he was placed on parole or discharged. The court, Thomas L. Brown, J., granted summary disposition in favor of the defendant, finding that the plaintiff failed to demonstrate a clear legal right to the cessation of the payments and also had a legal remedy available. The plaintiff appealed.

The Court of Appeals held:

1. The most reasonable interpretation of the restitution order is that it ordered restitution but did not specify a clear period for payment. Under MCL 780.766(12); MSA 28.1287(766)(12) at the time of the plaintiff's sentencing, in the absence of language to the contrary, the restitution was collectable immediately. The plaintiff does not have a clear legal right to the cessation of the restitution payments while he remains incarcerated.

2. If the plaintiff sought to challenge the restitution order requiring him to make immediate restitution payments he should have moved to set aside or modify his sentence under MCR 6.502 or 6.504 instead of seeking a writ of mandamus.

Affirmed.

MANDAMUS — REQUIREMENTS FOR ISSUANCE.

The plaintiff has the burden of showing entitlement to the extraordinary remedy of a writ of mandamus; the plaintiff must show that the plaintiff has a clear legal right to the performance of the duty sought to be compelled, the defendant has a clear legal duty to perform the act, the act is ministerial in nature, and the plaintiff has no other adequate legal or equitable remedy.

Allan White-Bey, in propria persona.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *H. Steven Langschwager*, Assistant Attorney General, for the Department of Corrections.

Before: Doctoroff, P.J., and O'Connell and Wilder, JJ.

Per Curiam. Plaintiff, a prisoner within the jurisdiction of the defendant Michigan Department of Corrections (MDOC), appeals as of right from an order granting summary disposition under MCR 2.116(C)(8) to defendant and dismissing plaintiff's complaint for a writ of mandamus. We affirm.

In 1987, plaintiff was convicted of breaking and entering, MCL 750.110; MSA 28.305, and sentenced as an habitual offender, fourth offense, MCL 769.12; MSA 28.1084, to thirty-five to seventy years in prison. As part of his sentence, the trial court ordered plaintiff to pay restitution to his victim in the amount of $140. Defendant began to execute the order for restitution while plaintiff was still incarcerated by removing funds from plaintiff's account on a monthly basis. Plaintiff filed a complaint seeking a writ of mandamus enjoining defendant from transferring the funds in plaintiff's account to satisfy the restitution order. Specifically, plaintiff argued that the restitution order could not be executed until he was placed on parole or discharged. The trial court granted defendant's motion for summary disposition and dismissed plaintiff's complaint for a writ of mandamus, finding that plaintiff "fail[ed] to demonstrate a clear legal right for the cessation of restitution payments" and, thus, failed to establish a necessary element to obtain a

writ of mandamus. In addition, the trial court held that plaintiff had a legal remedy available because postappeal relief from the judgment was available under MCR 6.504 and must be filed with the sentencing judge before seeking a writ of mandamus.

On appeal, plaintiff contends that the trial court erred in holding that plaintiff lacked a clear legal right to cessation of the restitution payments and that plaintiff failed to show a lack of an adequate legal remedy. We disagree.

This Court reviews a trial court's grant or denial of a writ of mandamus for an abuse of discretion. *Keaton v Village of Beverly Hills*, 202 Mich App 681, 683; 509 NW2d 544 (1993). In addition, this Court reviews a grant or denial of summary disposition under MCR 2.116(C)(8) de novo. *Beaty v Hertzberg & Golden, PC*, 456 Mich 247, 253; 571 NW2d 716 (1997). A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the claim on the basis of the pleadings; all factual allegations contained in the pleadings are accepted as true and construed in the light most favorable to the nonmoving party. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). A motion for summary disposition under MCR 2.116(C)(8) should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. *Maiden, supra* at 119.

The burden of showing entitlement to the extraordinary remedy of a writ of mandamus is on the plaintiff. *Herp v Lansing City Clerk*, 164 Mich App 150, 161; 416 NW2d 367 (1987). To obtain a writ of mandamus, the plaintiff must show that (1) the plaintiff has a clear legal right to the performance of

the duty sought to be compelled, (2) the defendant has a clear legal duty to perform, (3) the act is ministerial in nature, and (4) the plaintiff has no other adequate legal or equitable remedy. *In re MCI Telecommunications Complaint*, 460 Mich 396, 443; 596 NW2d 164 (1999); *McKeighan v Grass Lake Twp Supervisor*, 234 Mich App 194, 211-212; 593 NW2d 605 (1999).

In 1987, the year that plaintiff was sentenced, MCL 780.766; MSA 28.1287(766) stated in relevant part:

> (2) The court, when sentencing a defendant convicted of a crime, may order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make restitution to any victim . . . of the defendant's course of conduct which gives rise to the conviction.

> \*     \*     \*

> (12) If not otherwise provided by the court under this subsection, restitution shall be made immediately. However, the court may require that the defendant make restitution under this section within a specified period or in specified installments. The end of the period or the last installment shall not be later than the following:
>
> (a) The end of the period of probation, if probation is ordered.
>
> (b) Two years after the end of imprisonment or discharge from parole, whichever occurs later, if the court does not order probation.
>
> (c) Three years after the date of sentencing in any other case.
>
> (13) If the defendant is placed on probation or paroled, any restitution ordered under this section shall be a condition of that probation or parole. [1986 PA 234.]

Here, the sentencing court ordered restitution in the following manner: "Court recommendation: Resti-

tution $140.00 to Sam Knolton—condition of parole or discharge."[1] The most reasonable interpretation of the court's restitution order is that it ordered restitution, but did not specify a clear period for payment. Thus, under MCL 780.766(12); MSA 28.1287(766)(12), in the absence of language to the contrary, the restitution was collectable immediately.

Moreover, under the statute, if plaintiff is placed on probation or paroled, any unpaid restitution becomes a condition of that probation or parole. Indeed, a sentencing court does not have the power to impose additional conditions of parole because the MDOC has exclusive jurisdiction over paroles. *People v Greenberg*, 176 Mich App 296, 310-311; 439 NW2d 336 (1989). Therefore, because plaintiff was ordered to pay restitution immediately, he does not have a clear legal right to cessation of the restitution payments while he remains incarcerated.

Furthermore, an individual seeking mandamus must not have another adequate remedy available. *Cyrus v Calhoun Co Sheriff*, 85 Mich App 397, 399; 271 NW2d 249 (1978). See *MCI Telecommunications, supra* at 443; *McKeighan, supra* at 211-212. Subchapter 6.500 of the Michigan Court Rules instructs that a defendant seeking postappeal relief from judgment must file his request for relief with the sentencing judge. MCR 6.502 and 6.504. See also MCL 780.766(12); MSA 28.1287(766)(12). Thus, if plaintiff sought to challenge the restitution order requiring him to make immediate restitution payments, he

---

[1] The form of the judgment of sentence used in this case was approved in 1984, before the enactment of MCL 780.766; MSA 28.1287(766) in 1985 PA 87. This fact is useful in understanding why the sentencing court's order of restitution is stated in the form of a recommendation.

should have moved to set aside or modify his sentence under MCR 6.502 and 6.504 rather than seeking the extraordinary remedy of a writ of mandamus.[2]

For these reasons, the trial court did not err in granting summary disposition under MCR 2.116(C)(8) to defendant and dismissing plaintiff's claim for a writ of mandamus.

Affirmed. Defendant, as the prevailing party, is entitled to costs under MCR 7.219.

---

[2] The staff note to MCR 6.501 states that subchapter 6.500 of the Michigan Court Rules applies to situations, such as the one in this case, where a defendant is unable to seek appeal of his conviction or sentence because under MCR 7.204(A) and 7.205(F) the time to file an appeal has expired.