*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JEFF JONES and MARTIN JAMES
DROUILLARD,

UNPUBLISHED
June 2, 2021

Plaintiffs-Appellants,

v

No. 357264
Wayne Circuit Court
LC No. 21-006038-AW

TAYLOR CITY CLERK, TAYLOR ELECTION
COMMISSION, CHARLES JOHNSON,
CAROLINE PATTS, TIM WOOLLEY, and
LINDSEY ROSE,

Defendants-Appellees.

Before: CAMERON, P.J., and FORT HOOD and LETICA, JJ.

PER CURIAM.

In this election matter, plaintiffs, Jeff Jones and Martin James Drouillard, appeal as of right an order denying their motion for declaratory judgment, a writ of mandamus, and an order to show cause. We affirm in part, reverse in part, and direct that the county defendants take the necessary steps to ensure that Charles Johnson and Caroline Patts are not placed on the ballot for the upcoming August 2021 election.

## I. BACKGROUND

This appeal concerns candidates for various offices in the City of Taylor. Plaintiff Jones has been certified as a candidate for the office of Mayor of the City of Taylor. Plaintiff Drouillard has been certified as a candidate for the Taylor City Council. Defendants Johnson, Patts, and Lindsey Rose are, at present, certified as candidates for the Taylor City Council. Defendant Timothy Woolley is a certified candidate for the office of Mayor of the City of Taylor. This appeal concerns whether these four defendants were properly certified. Plaintiffs allege that Johnson, Patts, Woolley, and Rose all filed false affidavits of identity (AOIs), and thus, cannot be certified to appear on the ballot pursuant to MCL 168.558(4), which provides:

> An affidavit of identity must include a statement that as of the date of the
> affidavit, all statements, reports, *late filing fees*, *and fines required of the candidate*

*or any candidate committee* organized to support the candidate's election under the Michigan campaign finance act, 1976 PA 388, MCL 169.201 to 169.282, have been filed or paid; and a statement that the candidate acknowledges that making a false statement in the affidavit is perjury, punishable by a fine up to $1,000.00 or imprisonment for up to 5 years, or both. If a candidate files the affidavit of identity with an officer other than the county clerk or secretary of state, the officer shall immediately forward to the county clerk 1 copy of the affidavit of identity by first-class mail. The county clerk shall immediately forward 1 copy of the affidavit of identity for state and federal candidates to the secretary of state by first-class mail. *An officer shall not certify to the board of election commissioners the name of a candidate who fails to comply with this section, or the name of a candidate who executes an affidavit of identity that contains a false statement with regard to any information or statement required under this section.* [Emphasis added.]

Johnson, Patts, Woolley, and Rose all signed AOIs containing the required statement, and thereby attested that, as of the date of their respective affidavits, all "late filing fees[] and fines" required of them or their candidate committee had been paid. MCL 168.558(4). Plaintiffs allege that this was not true; according to plaintiffs, all of these four defendants owed outstanding late filing fees or fines as of the date that they signed their respective AOI. Thus, according to plaintiffs, defendants the Taylor City Clerk and Taylor Election Commission were precluded from certifying Johnson, Patts, Rose, and Woolley as candidates in the upcoming August 2021 primary election.

Below, plaintiffs sought emergency declaratory relief and a writ of mandamus compelling the Taylor City Clerk and Taylor Election Commission to remove Johnson, Patts, Rose and Woolley from the August 2021 primary ballot. The Taylor Election Commission filed a brief arguing, among other things, that the AOIs were not actually false. The brief also argued that, pursuant to the Taylor City Charter, the Taylor City Clerk had to make a final determination regarding the validity of each nominating petition no later than April 23, 2021, and that plaintiffs had failed to challenge any of the AOIs at issue until after that date passed. Attached to the response was an affidavit from Woolley, in which he explained that before filing his AOI, he contacted the Wayne County Campaign Finance Manager, Gil Flowers, and asked if he owed any outstanding fees or fines. Mr. Flowers advised that nothing was owed. Thus, Woolley believed that his AOI was accurate when it was signed.

The trial court heard arguments on May 21, 2021. At the hearing, Rose explained that she believed any fees and fines owed by her were discharged in bankruptcy in 2019. Woolley also spoke, explaining that he stood by his affidavit. The trial court explained that it believed there were factual disputes that precluded it from granting mandamus relief, as there were disputes (at least with regard to Rose and Woolley)[1] regarding whether outstanding fees or fines were owed.

---

[1] The trial court did not explicitly explain whether there were any relevant factual disputes regarding Johnson and Patts. As will be discussed below, we find no relevant factual disputes with regard to Johnson or Patts.

Further, the trial court believed that plaintiffs were untimely in bringing their challenges. Thus, the court declined to grant the relief sought by plaintiffs. The instant appeal followed.

## II. ANALYSIS

## A. MANDAMUS

"A trial court's decision whether to issue a writ of mandamus is reviewed for an abuse of discretion, but any underlying issue of statutory interpretation is a question of law, which is reviewed de novo on appeal." *PT Today, Inc v Comm'r of Office of Fin & Ins Servs*, 270 Mich App 110, 133; 715 NW2d 398 (2006) (citations omitted). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Barrow v Detroit Election Comm*, 305 Mich App 649, 662; 854 NW2d 489 (2014), quoting *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007) (quotation marks omitted; alteration in original). Whether the defendant has a clear legal duty to perform an act is also a question of law reviewed de novo. *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 518; 866 NW2d 817 (2014).

Mandamus is an extraordinary remedy used to enforce duties required of governmental actors by law. *Stand Up for Democracy v Secretary of State*, 492 Mich 588, 618; 822 NW2d 159 (2012); *Mercer v Lansing*, 274 Mich App 329, 333; 733 NW2d 89 (2007). The plaintiff seeking a writ of mandamus has the burden of establishing four requirements:

> (1) the party seeking the writ has a clear legal right to the performance of the duty sought to be compelled, (2) the defendant has a clear legal duty to perform the act requested, (3) the act is ministerial, that is, it does not involve discretion or judgement, and (4) no other legal or equitable remedy exists that might achieve the same result. [*Southfield Ed Ass'n v Bd of Ed of Southfield Pub Sch*, 320 Mich App 353, 378; 909 NW2d 1 (2017) (quotation marks and citation omitted).]

. . . "A clear legal duty, like a clear legal right, is one that 'is inferable as a matter of law from uncontroverted facts regardless of the difficulty of the legal question to be decided.' " *Hayes v Parole Bd*, 312 Mich App 774, 782; 886 NW2d 725 (2015), quoting *Rental Props Owners Ass'n*, 308 Mich App at 518-519; 866 NW2d 817. "A ministerial act is one in which the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Berry v Garrett*, 316 Mich App 37, 42; 890 NW2d 882 (2016), quoting *Hillsdale Co Senior Servs, Inc v Hillsdale Co*, 494 Mich 46, 58 n 11; 832 NW2d 728 (2013) (quotation marks omitted). [*Burton-Harris v*

*Wayne Co Clerk*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 353999), slip op at 6-7[2].]

In *Burton-Harris*, *id.* at ___; slip op at 9, this Court explained that prior to the enactment of 2018 PA 650, this Court had held that county clerks do not have a duty to look beyond the face of an AOI to determine whether a candidate's statements were, in fact, truthful. But 2018 PA 650 amended MCL 168.558(4), such that the statute now states that an officer "shall not certify . . . *the name of a candidate who executes an affidavit of identity that contains a false statement with regard to any information or statement required under this section*." *Burton-Harris*, ___ Mich App at ___; slip op at 9. This Court held, "Under the unambiguous language of the amended statute, the Clerk's duty is clear—if a candidate's AOI contains a false statement, the Clerk cannot certify that candidate's name to the Election Commission." *Id.* This Court rejected an argument that there was no duty to investigate the veracity of an AOI explicitly provided by statute, explaining that the plaintiff was not seeking relief due to a failure to investigate. Rather, the plaintiff was merely asking that the defendants "be ordered to remove [a candidate's] name from the August 2020 primary election ballot." *Burton-Harris*, ___ Mich App at ___; slip op at 10. The plaintiff was asking the trial court, not the county clerk, to determine whether the AOI contained a false statement. *Id.* "If the court had determined that plaintiff's allegation was correct, the Clerk would then have a clear legal duty to not certify [the candidate] for inclusion on the primary election ballot. MCL 168.558(4). And to the extent that [the candidate's] name already appeared on the printed ballots, the Election Commission was obligated to correct that error. MCL 168.567." *Burton-Harris*, ___ Mich App at ___; slip op at 10. "Moreover, both of these actions would be purely ministerial because they would not require exercise of judgment or discretion." *Id.*

With those legal concepts in mind, we first explain the facts regarding each of the challenged candidates.

CANDIDATE CHARLES JOHNSON

Regarding defendant Johnson, plaintiff presented Johnson's AOI, dated February 25, 2021, and in which Johnson attested that, as of the date of the affidavit, all late filing fees and fines due from himself and any candidate committee organized to support his election had been paid. Plaintiffs also presented a notice of a late filing fee, dated August 10, 2018, and addressed to Johnson's candidate committee. The notice explains that the committee's July 2018 quarterly campaign statement was overdue, and the committee was assessed a $25 late filing fee. A stamped copy of the notice shows that the fine was paid on May 10, 2021—roughly 2 ½ months after Johnson filed his AOI.

CANDIDATE CAROLINE PATTS

Regarding defendant Patts, plaintiffs provided her AOI, which is dated February 19, 2021, and contains the same attestation regarding the payment of late fees and fines. Plaintiffs also provided a notice, dated September 10, 2018, stating that Patts's campaign committee had not

---

[2] A motion for reconsideration is pending before this Court in Docket No. 353999.

timely filed a report due on December 7, 2017, and that the committee was being assessed a late filing fee of $500. Plaintiffs provided a second mailing of the same notice, dated October 10, 2018. Plaintiffs also provided a copy of the second notice, but with a stamp stating that the fee had been paid in full on April 30, 2021—more than two months after Patts filed her AOI.

CANDIDATE LINDSEY ROSE

Regarding defendant Rose, plaintiffs provided a copy of her AOI, which is dated April 19, 2021, and contains the same attestation regarding the payment of late fees and fines. Plaintiffs also provided a copy of a notice, dated June 9, 2017, informing Rose that a report was overdue, and that a fine of $300 was being assessed. Plaintiffs provided a second mailing of the notice dated July 12, 2017. Notably, plaintiffs did *not* provide evidence that the late fee had been paid after the AOI was signed. At the hearing below, Rose explained that she believed that the fine was discharged in bankruptcy in 2019. The trial court agreed that there was a factual dispute regarding whether Rose's fine had been discharged in bankruptcy.

CANDIDATE TIM WOOLLEY

Finally, regarding defendant Woolley, plaintiffs provided a notice, dated October 19, 2018, and directed to Woolley's campaign committee. The notice stated that a report was overdue, and that Woolley was being assessed a late filing fee of $25. As was the case with Rose, plaintiffs did not provide a receipt or other documentation showing whether this late fee was paid after the AOI was signed. Woolley also provided the trial court with an affidavit in which he explains that, before submitting his nominating petitions, he contacted Flowers in December 2020, and asked if he had any outstanding "statements, fines or omissions on my campaign account. Mr. Flowers asked me for my committee number and, after looking at my committee account, advised me that I had no omissions, fines or errors on my campaign account." Woolley's affidavit explains that, based on his own review of his committee account and the information obtained from Mr. Flowers, he believed that all fees and fines were paid and that the statements in the AOI were truthful.

Based on the evidence presented, it is clear that the AOIs submitted by Johnson and Patts did contain false statements. Both attested that all outstanding fines and late fees were paid, but that was not true; both paid late filing fees owed from prior years *after* filing their AOIs. The AOIs clearly state that, *as of the date of the AOI*, all outstanding fines and late filing fees are paid. That was false. Thus, pursuant to MCL 168.558(4), the Taylor City Clerk could not certify those two candidates to the Taylor Election Commission. *Burton-Harris*, ___ Mich App at ___; slip op at 9. And, "having failed to perform that duty" at the time candidates Johnson and Patts were certified for the upcoming election, "the county defendants ha[ve] a clear legal duty to correct such errors . . . ." *Id*. at ___; slip op at 8 (quotation marks and citations omitted). See also MCL 168.567. That duty is ministerial in nature. *Burton-Harris*, ___ Mich App at ___; slip op at 10. Plaintiffs are entitled to a writ of mandamus compelling the county defendants to remove Johnson and Patts from the ballot, as both submitted AOIs containing false statements. The trial court abused its discretion by refusing to grant mandamus relief with respect to Johnson and Patts.

However, the same is not true with regard to Rose and Woolley. "Mandamus may not be issued where disputed facts exist." *Garner v Mich State Univ*, 185 Mich App 750, 762; 462 NW2d 832 (1990). And it is plaintiff's burden to establish a right to a writ of mandamus. *White-Bey v*

*Dep't of Corrections*, 239 Mich App 221, 223; 608 NW2d 833 (1999). With regard to Rose, there is a factual dispute regarding whether her outstanding fee was discharged in bankruptcy. Rose contends that any outstanding fee was discharged in bankruptcy in 2019. It is undisputed that Rose did obtain an order of discharge in bankruptcy proceedings. A certificate of notice also identifies the "Wayne County Clerk-Office of Campaign Fi[nance]" in the list of those entities to whom the order of discharge was sent. Plaintiffs do not address the bankruptcy issue and therefore fail to address the trial court's reasoning. As plaintiffs have failed to address the trial court's reasoning with respect to Rose, this Court "need not even consider granting plaintiffs the relief they seek." *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004) (quotation marks and citation omitted). In any event, having failed to address whether the bankruptcy did, in fact, discharge the 2017 fee, plaintiffs have failed to show that Rose's AOI contained a false statement.

And finally, with regard to Woolley, there does appear to be a factual dispute regarding whether he failed to pay his outstanding $25 fee. According to Woolley's affidavit, Woolley inquired into whether he owed any fees or fines, and was told that he did not. Further, Woolley's affidavit explains that his own investigation into the matter found no outstanding fees or fines. And, unlike Johnson and Patts, while plaintiffs presented evidence that a late filing fee of $25 was assessed in 2018, plaintiffs did not present evidence showing if or when this fee was paid. Thus, there is, at a minimum, a factual dispute regarding whether Woolley's AOI contained a false statement, as it is not clear if he actually owed any outstanding fees at the time he signed his AOI.[3]

## B. DECLARATORY RELIEF

Below, plaintiffs also sought declaratory relief, in the form of a declaration that the challenged candidates were not eligible to be included on the ballot. A declaratory judgment is warranted where "a plaintiff pleads *and proves* facts demonstrating an adverse interest necessitating a judgment to preserve the plaintiff's legal rights." *Burton-Harris*, ___ Mich App at ___; slip op at 11 (emphasis added; quotation marks and citation omitted.) As explained above, plaintiffs did prove facts demonstrating that Johnson and Patts filed AOIs containing false statements, and thus, should not have been certified for inclusion on the ballot. But the same is not true with regard to Rose and Woolley. Thus, plaintiffs are entitled to a declaratory judgment with regard to Johnson and Patts, but not with regard to Rose and Woolley.

## C. TIMELINESS

Below, the trial court indicated that plaintiffs' challenges were also made too late. This was because, pursuant to the Taylor City Charter, the Taylor City Clerk had until April 23, 2021, to make a final determination whether to certify candidates to the Taylor Election Commission. Be that as it may, as was discussed previously, the county defendants have a duty to correct ballot

---

[3] We further note that Woolley had originally intended to run for Taylor City Council, but then decided to run for the office of Mayor of the City of Taylor. The AOI states that any late filing fees or fines due "from me or any Candidate Committee organized to support my election *to the office*" has been paid (emphasis added). It is not clear whether the fee was owed by a candidate committee supporting Woolley's election *to the office of Mayor* or a different candidate committee.

errors. MCL 168.567; *Burton-Harris*, ___ Mich App at ___; slip op at 8. Thus, the fact that the challenges were not brought until after April 23, 2021, is not dispositive.

While the trial court did not expressly mention the doctrine of laches, "Laches can be invoked when there is an unexcused or unexplained delay in commencing an action and a corresponding change of material condition that results in prejudice to a party." *Burton-Harris*, ___ Mich App at ___; slip op at 10 (quotation marks and citation omitted). In *Burton-Harris*, there was substantial prejudice to the county defendants because the plaintiff's delay "impaired their ability to produce the primary election ballots within the time frame required by statute and exposed them to significant financial waste if reprinting was required." *Id*. In the present case, however, it is undisputed that the ballots have yet to be printed. Thus, there is no similar degree of prejudice. In sum, the timeliness of plaintiffs' challenges is not a reason to refuse to grant mandamus relief.[4]

## III. CONCLUSION

We affirm the circuit court's order to the extent it declined to grant the relief sought by plaintiffs with respect to Rose and Woolley. However, the trial court abused its discretion by refusing to grant relief with respect to Johnson and Patts. Accordingly, we reverse the trial court's order only to the extent it denied the requested relief with respect to Johnson and Patts; we affirm the trial court's order with respect to Rose and Woolley. We further direct the county defendants to take the necessary steps to ensure compliance with their duties as explained in this opinion. This Court retains no further jurisdiction.

/s/ Thomas C. Cameron
/s/ Karen M. Fort Hood
/s/ Anica Letica

---

[4]Recognizing that plaintiffs' counsel raised a much earlier successful challenge to another candidate, future challengers are encouraged to proceed diligently in light of necessary election deadlines and busy court dockets.