*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DERRICK LASHON BRADDOCK,

        Plaintiff-Appellant,

v

PAROLE BOARD,

        Defendant-Appellee.

FOR PUBLICATION
March 28, 2024
9:05 a.m.

No. 365095
Court of Claims
LC No. 22-000134-MB

Before: RICK, P.J., and JANSEN and FEENEY, JJ.

PER CURIAM.

This case presents interesting questions regarding the parole of prisoners serving a parolable life sentence. Specifically, whether the Parole Board member who conducts the public hearing must participate in the vote to determine whether the prisoner is granted parole and what happens if that vote ends in a tie. The Court of Claims determined that the Board member, having left the Board before the vote was taken, was not required to participate in the vote and that a tie vote had the result of denying parole. For the reasons expressed below, we conclude that the Parole Board member does not need to participate in the vote, at least under circumstances where that person is no longer a member of the Board, and that the vote cannot end in a tie. According, we affirm in part and reverse in part, and remand regarding the Court of Claims' decision denying plaintiff mandamus relief.

The trial court summarized the facts in this case as follows:

> Plaintiff Derrick Braddock, a prisoner under the jurisdiction of the Michigan Department of Corrections (DOC), seeks a writ of mandamus compelling defendant Michigan Parole Board to "hold a lifer law public hearing conducted by one of its members who will be involved in the formal recommendation to grant or deny parole to Mr. Braddock in compliance with MCL 791.234(8)(c), MCL 791.244(2)(f) and (h), and Mich Admin Code, R 791.7760(4)." Braddock also seeks to compel through a writ of mandamus a final parole decision made "by a concurrence of a majority vote of" the Parole Board's "participating members," which Braddock contends is commanded by

-1-

MCL 791.246 and Mich Admin Code, R 791.7765(2), along with an order that the "Director of the MDOC ... cast ... a tie-breaking vote if the vote of [the] Parole Board ends in a tie[.]"

In 2004, Braddock was sentenced to life in prison with the possibility of parole after a jury convicted him of assault with intent to murder, MCL 750.83, and several other offenses carrying lesser penalties. He became subject to the Parole Board's jurisdiction regarding his life sentence in July 2021. See MCL 791.234(7)(a). Consistent with the parole consideration procedure described in MCL 791.234(8), Braddock was interviewed by Parole Board member Rev. Jerome L. Warfield, Sr., in June 2021. A majority of the Parole Board later voted, in August 2021, to convene a public hearing.

A public hearing was held on October 19, 2021. Parole Board member Sonia Warchock presided at the hearing. Approximately six weeks later, on November 28, 2021, Warchock resigned from the Parole Board and accepted other employment.

On December 10, 2021, the Parole Board issued a decision regarding Braddock's parole, announcing: "The Parole Board has decided to withdraw interest in your case and will not proceed toward release on parole at this time. Your case will be reviewed, as required by law, on or about the date indicated below." The date indicated is July 1, 2026. The decision included an "explanation" and "recommendations for corrective action which may facilitate release."

Although the full Parole Board consists of 10 members, two Parole Board positions were vacant on the date Braddock's parole decision was issued. Eight members of the Board—its full complement at the time—participated in the public hearing, and eight voted on whether to grant Braddock parole. The eight Parole Board members split evenly, with four voting that they had "interest" in granting parole, and four voting that they had "no interest" in granting parole.

Braddock then filed a three-count complaint seeking a writ of mandamus. He sought to compel this Court to order that: (1) "all ten" members of the Parole Board must consider whether to grant or deny parole; (2) the Director of the Michigan Department of Corrections must cast a final vote in the event that the Parole Board is unable to comply with its legal duty to render a final parole decision to either grant or deny parole by a concurrence of the majority of members; and that Sonia Warchock must be involved in the formal recommendation to grant or deny parole.

The Parole Board moved for summary disposition under MCR 2.116(C)(8) and (C)(10), submitting affidavits attesting that Warchock was not a Parole Board member at the time the Board convened in executive session to consider Braddock's parole, and that there were only eight Parole Board

-2-

members when the vote to withdraw interest in Braddock's parole was conducted. The Board argued that because MCL 791.246 provides that parole decisions are to be made by a majority vote of the Board and "the eight-member decision was made by the entire Board," no legal violation occurred. Further, the Board contended, no statute authorizes the Director of the Department of Corrections to break a tie when the Board is evenly split regarding a parole decision, and no statute required that Warchock participate in the hearing after her resignation. Braddock had not identified the breach of any clear legal right or clear legal duty, the Board concluded, foreclosing the issuance of a writ of mandamus.

Braddock responded with a proposed amended complaint withdrawing his contention that "all 10" Board members should be compelled to vote on his parole, conceding that the Parole Board "has authority under the common law of this State to render parole decisions with a quorum of less than all ten of its members." Nevertheless, Braddock urged, "all 'decisions' of the Parole Board must be made by a 'majority vote'—regardless of the number of Parole Board members participating," which requires either a re-vote until a majority is reached, or the participation of the Director of the MDOC as a tie-breaker. Under MCL 791.244(2)(f) and (2)(h), Braddock insisted, a public hearing "shall" be conducted by " 'at least 1 member of the parole board who will be involved in the formal recommendation' " to grant or deny parole, which means that Warchock, who conducted the meeting, must be compelled to vote on his parole.

Thus, the essential facts that are relevant to resolving this appeal are fairly simple: (1) the Parole Board member who conducted the public hearing was no longer a member of the Parole Board when it took its vote and, therefore, did not participate in the vote and (2) the vote ended in a tie that the Board interpreted to mean that parole was denied. For the reasons expressed below, we conclude that it was not necessary for the Parole Board member who conducted the public hearing to participate in the vote, but that it was necessary for the Parole Board to revote until the result is no longer a tie.

This Court reviews issues of statutory construction, as well as the trial court's decision granting defendant summary disposition, de novo. *Dextrom v Wexford County*, 287 Mich App 406, 416; 789 NW2d 211 (2010).

We turn first to the question whether the Parole Member who conducted the public hearing was required to participate in the vote on whether to grant plaintiff parole. Plaintiff argues that a new public hearing is required, one conducted by a Parole Board member who will participate in the ultimate vote. We disagree.

Plaintiff relies on the provisions of MCL 791.244(2)(f), which provides:

(2) Except in cases in which a commutation is requested based in part on a prisoner's medical condition and in which the governor has requested that the parole board expedite its review and hearing process under section 44a, upon its own

-3-

initiation of, or upon receipt of an application for, a reprieve, commutation, or pardon, the parole board shall do all of the following, as applicable:

* * *

(f) Conduct a public hearing not later than 90 days after making a decision to proceed with consideration of a recommendation for the granting of a reprieve, commutation, or pardon. The public hearing must be held before a formal recommendation is transmitted to the governor. One member of the parole board who will be involved in the formal recommendation may conduct the hearing, and the public must be represented by the attorney general or a member of the attorney general's staff.

We conclude that this statute is inapplicable to the present case. The plain text of the statute provides that it applies to a hearing for a "consideration of a recommendation for the granting of a reprieve, commutation, or pardon." A parole is not a reprieve, commutation, or pardon. Black's Law Dictionary (10th ed) defines "parole" as "The conditional release of a prisoner from imprisonment before the full sentence has been served." It is also "a conditional release of a prisoner serving an indeterminate or unexpired sentence." *Merriam-Webster's Collegiate Dictionary* (11th ed.). *People v Clark*, 315 Mich App 219, 230; 888 NW2d 309 (2016).

Plaintiff does raise the argument that MCL 791.234(8(c), which applies to parole of prisoners serving life sentences, provides that the "decision to grant or deny parole to the prisoner must not be made until after a public hearing held in the manner prescribed for pardons and commutations in" MCL 791.244 and MCL 791.245. While the phrase "in the manner prescribed" directs a general framework for the hearing, it does not necessarily include the requirement that a Board Member who preside over the hearing participate in the decision or vote. This is particularly true given that MCL 791.244(2)(f) says that that hearing *may* be conducted by a Board member who will be involved in making the recommendation to the governor regarding a reprieve, commutation, or pardon. While it is the governor who grants a reprieve, commutation, or pardon and the parole board can only recommend, it is the parole board that grants a parole to a prisoner serving a life sentence.

Moreover, the statute says that a parole board member who will be involved in making the recommendation "may conduct the hearing." "May" is not "shall." "May" is permissive, not mandatory. See *Woodman v Dep't of Corrections*, 511 Mich 427, 443; 999 NW2d 463 (2023).

But, even if the Court were to agree that the statute requires that the public hearing on lifer paroles be presided over by a Board member who will be participating in the decision, there was no violation of the statute. Clearly, the member who conducted the hearing could not vote at the December 10, 2021, meeting as she was no longer a member of the Parole Board. But there is no indication that when she conducted the hearing it was anticipated that she would be unavailable to vote when the time came. It places form over substance to say that whenever a Board member leaves between the time of the hearing and the Board vote that the process must be redone with a new public hearing.

-4-

Plaintiff responds to this argument by pointing out that the administrative code, R 791.7760(4), uses the word "shall" rather than "may." But plaintiff does not provide authority for the proposition that an agency may make mandatory that which the Legislature makes discretionary, even where the statute directs the agency to establish rules of procedure.

Defendant's response is essentially that the vote to withdraw interest was not a vote to grant parole and, therefore, is not subject to the requirements of MCL 791.234(8). Defendant's response reinforces the argument that the requirement for a Board member who will participate in the recommendation to conduct the hearing does apply here because that requirement is limited to recommendations for reprieves, commutations, and pardons. In particular, defendant points out that the administrative rule plaintiff relied upon for making the requirement mandatory only refers to reprieves, commutations, and pardons. Rule 791.7760 very explicitly, both in its heading and numerous times in its text, refers to "reprieves, commutations, and pardons," but not to "lifer paroles."

For these reasons, we reject plaintiff's argument. The Board member requirement only applies to public hearings held for the consideration of reprieves, commutations, and pardons, and not for lifer paroles.

We next turn to the question whether the Parole Board's decision may end in a tie, thus resulting in the denial of parole.[1] We conclude that it cannot.

To begin, there is certainly a compelling logic to the defendant's position that a tie-vote has the effect of denial. As defendant points out in its brief, basic parliamentary procedure dictates that a motion fails when the vote ends in a tie. As defendant further argues, legislation can only pass on a majority vote. See Const 1963, art 4, § 26. And a tie vote in an appellate court merely leaves the lower court's decision in place, without precedential effect. See, e.g., *Adair v State of Michigan*, 474 Mich 1027, 1040; 709 NW2d 567 (2006) ("an even division . . . effectively rendering null and void the work of the Court and leaving intact lower court decisions . . . .") (statement of Taylor, C.J., and Markman, J.); see also MCR 7.315(A) ("Except for affirmance of action by a lower court or tribunal by even division of the justices, a decision of the Court must be made by concurrence of a majority of the justices voting.")

But this case is not controlled by Robert's Rules of Order. It is controlled by statute. And the statutes involved are clear in their directives. MCL 791.246 provides:

> All decisions and recommendations of the parole board required by this act must be by a majority vote of the parole board or, except as otherwise prohibited by this act, a parole board panel created pursuant to section 6(2).

Additionally, MCL 791.234(8) concerns the grant of parole to a prisoner serving a life sentence, and subsection (8)(c) provides in part as follows: "A decision to grant or deny parole to the prisoner . . . ." This indicates that the Parole Board does not just determine whether to grant parole, but that it must also determine whether to deny parole. Or, to put it another way, if the statute

---

[1] Or, as the Parole Board phrased it, a "withdrawal of interest" in paroling plaintiff.

merely referenced a "decision to grant parole," that would support a conclusion that a tie vote results in the prisoner not being granted parole because a majority of the Board did not vote to grant. It is inescapable that (1) the statute considers the denial of parole to be a decision and (2) all decisions of the parole board must be made by majority vote. Defendant's best argument would be that the vote here that ended in a tie was a vote on whether there was "interest" in proceeding towards parole. That is, it was essentially a vote on *whether to take a vote* to grant or deny parole. And, defendant further posits, that this "withdrawal of interest" result is not a decision "required by this act," MCL 791.246; rather, it is not subject to the majority-vote requirement of that section.

Defendant appears correct in arguing that this preliminary "interest" vote is not provided for in the statute. It would seem to be an internal procedure, although defendant does not point to an administrative rule that establishes this procedure. While there is a certain appeal to this argument, we reject it. It merely serves to avoid the statutory requirements. To take an extreme hypothetical, let us say that the Parole Board adopted an internal procedure that a parole petition would not proceed to a "final vote" unless the Board members unanimously expressed an interest in advancing the parole request to a vote. That would essentially give every member of the Board a veto over the grant of a parole despite the clear statutory directive that parole decisions, to grant or deny, are to be made by majority vote.

But, even if this "vote to take a vote" process is a rule or policy of the Parole Board, by its own rules a majority vote is required. Mich Adm Code, R 791.7765(2) provides:

> (2) A parole release, revocation, or rescission decision for a prisoner considered for parole pursuant to section 34(4) of Act No. 232 of the Public Acts of 1953, as amended, being S791.234(4) of the Michigan Compiled Laws, and *all other parole board decisions required by statute, rule, or policy*, including, but not limited to, commutation requests and special paroles, shall be made by the parole board. The decisions specified in this subrule *shall be made by a concurrence of the majority of the parole board members*. [Emphasis added.]

Therefore, even a preliminary decision of a "withdrawal of interest" is subject to the 'majority vote" requirement.

Having concluded that a majority vote was required that was either favorable or unfavorable to granting parole, and that a tie-vote is not permitted, there remains the question of the remedy. The trial court's grant or denial of a writ of mandamus is reviewed for an abuse of discretion. *White-Bey v Dep't of Corrections*, 239 Mich App 221, 223; 608 NW2d 833 (1999).

We reject plaintiff's suggestion that this Court order the Director to cast the tie-breaking vote. Admittedly, this is a rather workable solution. Indeed, it is a solution that the Legislature should perhaps seriously consider to in order to avoid the problem of a tie-vote in the future. But it is not a solution that is consistent with the statutory duties entrusted to the Director. The Legislature has granted broad supervisory powers to the Director, MCL 791.203, including the power to appoint the Parole Board, MCL 791.231a. But the Legislature has not given the Director a seat on the Parole Board or the power to cast a tie-breaking vote. For this Court to direct the Director to do so would, as defendant argues, constitute legislating from the bench. But we agree with plaintiff's argument that the Parole Board must re-vote until it reaches a majority decision.

The Legislature could have simply provided that parole may only be granted by a majority vote of the Board, thus establishing that a tie-vote results in parole being denied. The Legislature did not make that choice, instead requiring that both the decision to grant parole and to deny parole must be by majority vote. Therefore, once the process has commenced, it must terminate with a majority vote of the Board, be it favorable or unfavorable.

The standard for granting mandamus was summarized in *White-Bey*, 239 Mich App at 223-224:

> The burden of showing entitlement to the extraordinary remedy of a writ of mandamus is on the plaintiff. *Herp v Lansing City Clerk*, 164 Mich App. 150, 161; 416 NW2d 367 (1987). To obtain a writ of mandamus, the plaintiff must show that (1) the plaintiff has a clear legal right to the performance of the duty sought to be compelled, (2) the defendant has a clear legal duty to perform, (3) the act is ministerial in nature, and (4) the plaintiff has no other adequate legal or equitable remedy. *In re MCI Telecommunications Complaint*, 460 Mich 396, 443; 596 NW2d 164 (1999); *McKeighan v. Grass Lake Twp. Supervisor*, 234 Mich App. 194, 211–212; 593 N.W.2d 605 (1999).

We conclude that plaintiff has met this burden with respect to requiring a revote. As discussed above, plaintiff has a right and defendant has a duty to provide a majority vote on whether to grant or deny plaintiff parole. While the decision whether to grant parole is clearly discretionary, the act of voting is itself ministerial. And defendant has not shown what other remedy could be provided.

Moreover, plaintiff is not entitled to a new public hearing, nor can this Court order the Director to cast a tie-breaking vote, but plaintiff is entitled to have a parole decision made based upon a majority vote by the Parole Board. Accordingly, the trial court erred in denying a writ of mandamus. On remand the trial court shall enter a writ of mandamus directing defendant to revote and to do so until it reaches a majority decision whether to grant or deny parole.

Affirmed in part, reversed in part and remanded to the Court of Claims for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full.

/s/ Michelle M. Rick
/s/ Kathleen Jansen
/s/ Kathleen A. Feeney